UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CHRIS PHILLIPS,
                              Plaintiff,

v.

THE SEATTLE TIMES COMPANY,
                              Defendant.

Case No. _____

ORIGINAL COMPLAINT
FOR DAMAGES
AND JURY DEMAND

1    1.   Plaintiff, Chris Phillips ("Phillips"), for his complaint against The Seattle Times Company

2         ("Defendant") hereby alleges as follows:

3                                        **PARTIES**

4    2.   Phillips resides in Massachusetts or Nova Scotia, Canada and intends on remaining in

5         Nova Scotia.

6    3.   Defendant is an Delaware Corporation.

7                          **JURISDICTION AND VENUE**

8    4.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The matter in

9         controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

1   5.   Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391.

2       Defendant committed various tortuous acts directed toward Phillips while Phillips resided

3       in this judicial district, and the brunt of the damages were sustained by Phillips while

4       Phillips resided in this judicial district.

5                                   **OPERATIVE FACTS**

6   6.   Unless otherwise indicated, the facts alleged in this complaint are stated upon information

7       and belief, the personal knowledge of Phillips, media reports, and/or other materials.

8   7.   Defendant has caused the torts out of which this complaint arises, as set forth below.

9   8.   In July, 2007, Plaintiff, Phillips, moved to Renton, Washington.

10  9.   Phillips was a respected LASIK surgeon and ophthalmologist who practiced medicine in

11      Renton, Washington.

12  10.  Phillips was employed by and was the sole owner of Seattle Eye Surgeons, doing business

13      as Lomas LASIK and Eye Care Center in Renton, Washington.

14  11.  Defendant knew that Phillips was employed by Lomas LASIK and Eye Care Center.

15  12.  Defendant knew that Phillips owned Lomas LASIK and Eye Care Center.

16  13.  Phillips' ability to obtain patients in the fields of ophthalmology and LASIK surgery

17      depends largely upon his reputation.

18  14.  Phillips desires employment as an expert witness in legal cases involving medicine.

19  15.  Phillips' ability to obtain employment as an expert witness depends largely upon his

20      reputation.

21  16.  Phillips has also graduated from law school and desires to practice law.

22  17.  Phillips' ability to obtain clients as an attorney depends largely upon his reputation.

23  18.  On February 29, 2008, Phillips temporarily closed Lomas LASIK and Eye Care Center to

1      remodel and restructure the business.

2   19.   During the process of restructuring, Phillips laid off several employees.

3   20.   Shortly after closure, Defendant negligently began publishing numerous false statements

4      related to the closure.

5   21.   The statements were not published only once. The statements were continuously

6      published and/or re-published by the Defendant over the ensuing months and years and

7      contributed to the story spreading nationwide.

8   22.   Some statements to this day remain published on Defendant's websites.

9   23.   Over time, portions of the original publications were altered by adding additional

10      information and subsequently republishing.

11   24.   In its initial publications, Defendant falsely stated that Phillips was under investigation for

12      issues related to the closure of his medical practice when, in fact, there was no

13      investigation at the time the statements were made.

14   25.   As a result of these false statements a large number of individuals, from both within

15      Washington State and outside of Washington State, filed complaints against Phillips with

16      the Washington State Department of Health.

17   26.   One employee from the Department of Health stated that Phillips has had more complaints

18      than any other Physician in the history of the State of Washington. Phillips has not since

19      been able to confirm if that statement, but has confirmed statements by other employees

20      from the Department of Health that it would be a "close race."

21   27.   Prior to Defendant's false statements, Phillips had never had a single complaint in any

22      state or country.

23   28.   Even though these complaints were unfounded, they reflected very badly upon Phillips

1     and were the basis of further publications regarding Phillips in which the large number of

2     complaints themselves became the he heart of the story.

3    29.  Phillips personal and professional reputations, in addition to his ability to earn an income

4     were substantially damaged as a result of Defendant's negligence.

5    30.  Ultimately, the Department of Health took no action regarding any complaint based upon

6     the closing of Phillips practice.

7    31.  Other false statements published by Defendant included, but were not limited to, that

8     Phillips had—

9        a.  Closed his practice without explanation;

10      b.  Disappeared;

11      c.  Vanished;

12      d.  Described the closure as a mystery

13      e.  Was missing;

14      f.  Unexpectedly left town;

15      g.  Abandoned patients;

16      h.  Inappropriately failed to provide copies of medical records to patients;

17      i.  Failed to provide medical information to other providers;

18      j.  Failed to give patients notice that the practice had closed;

19      k.  Refused to give refunds to certain patients;

20      l.  Phillips recommended surgery which was not needed.

21      m. Claimed Phillips was unreachable; and

22      n.  Claimed Phillips refused to provide any comment.

23    32.  In reality, Defendant knew or should have known where Phillips was all along.

1   33.   In reality, Defendant knew or should have known why Phillips temporarily closed his

2         practice all along.

3   34.   Phillips personally informed Defendant why he temporarily closed the practice and where

4         he was located.

5   35.   When Phillips requested a redaction, Defendant refused to comply.

6   36.   In their publications, Defendant also falsely quoted various individuals regarding Phillips

7         whereabouts and the basis for the temporary closure and did so in a manner that reflected

8         badly upon Phillips.

9   37.   The individuals falsely quoted include, but are not limited to:

10        a.   The Washington State Department of Health and individuals employed by the

11             Washington State Department of Health;

12        b.   Prior and current employees of Phillips;

13        c.   Other physicians and/or clinics to which Phillips referred patients; and

14        d.   Phillips ex-wife, a celebrity.

15  38.   Defendant's publications demonstrate a clear and unreasonable bias against Phillips.

16  39.   In their publications, Defendant also falsely quoted various individuals regarding a party

17        at Phillips' home in which a roommate (who was under 21 years of age) invited other

18        minors and which ultimately led to Phillips being charged with three separate

19        misdemeanors relating to the party.

20  40.   Despite allegedly reviewing the police reports, Defendant not once mentioned that it was

21        that roommate who instigated the party and invited the minors.

22  41.   Instead Defendant falsely and/or negligently published statements regarding the party that

23        inappropriately reflected badly upon Phillips.

1    42.   Defendant knew its statements would create in the minds of those exposed to the

2          statements a false image damaging to Phillips.

3    43.   As a result of Defendant's false statements, Phillips reputation and the reputation of his

4          business were destroyed.

5    44.   Since Seattle Eye Surgeons heavily relied on its reputation and Phillips' reputation to

6          attract patients desiring surgery such as LASIK, Phillips was unable to reorganize the

7          practice.

8    45.   As a result, the business was not able to reopen.

9    46.   As a result of Phillips personally securing various loans to Seattle Eye Surgeons, Phillips

10         had do declare personal bankruptcy.

11   47.   Seattle Eye Surgeons also had to declare bankruptcy.

12   48.   Only approximately five months prior to the Defendant's initial publications, Phillips had

13         purchased Seattle Eye Surgeons for $1,783,000.00, and, in said five month period, Phillips

14         had expended considerable resources improving the business and its reputation.

15   49.   As for Phillips' personal bankruptcy, it was Phillips first and only bankruptcy. Phillips'

16         personal petition was filed on July 2, 2008.

17   50.   The personal bankruptcy petition was a Chapter 7 petition, and was filed as Case No 08-

18         14147 in the Bankruptcy Court for the Western District of Washington.

19   51.   A copy of the relevant portions of Phillips personal bankruptcy petition are attached as Ex.

20         1, pages 1-10.[1]

21   52.   Phillips scheduled his claims against the media on his bankruptcy petition (Ex. 1, page 7,

22         # 21).

---

[1] To avoid confusion, the page numbers associated with the exhibits attached to this motion are *continuously* numbered in the lower right hand corner of each page.

1    53.   All causes of action Phillips had against the media or anyone else, whether Phillips

2          scheduled the claims or not[2] and whether the claims were exemptible or not,[3] became

3          property of the bankruptcy estate on July 2, 2008.[4,5]

4    54.   All causes of action Phillips could bring against the media were stayed beginning on July

5          2, 2008.[6,7]

6    55.   The stay remained in place until the causes of action were no longer property of the

7          estate.[8]

8    56.   Phillips expressed to the Bankruptcy Trustee a desire to pursue the tort claims he

9          scheduled in his petition.

---

[2] See, for example, In re Stephenson, 415 B.R. 436, 443 (Bankr. D. Idaho 2009).
[3] See, for example, In re Bronner, 135 B.R. 645, 648 (B.A.P. 9th Cir. 1992).
[4] "The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. § 541 (a).
[5] "The legislative history of the Bankruptcy Code reveals that the concept of property of the estate is to be interpreted broadly. H.R.Rep. No. 595, 95th Cong., 1st Sess. 367-68 (1977), reprinted in U.S.C.C.A.N. 5787, 5963, 6323-24. Similarly, the Supreme Court has affirmed that the scope of § 541(a)(1) is broad, covering all kinds of property, including tangible or intangible causes of action and all other forms of property previously specified in § 70(a) of the Bankruptcy Act." In re Chappel, 189 B.R. 489, 493 (9th Cir. BAP 1995) citing United States v. Whiting Pools, Inc., 462 U.S. 198, 204-05 & n. 9 (1983).
[6] "Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of-- … (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" 11 U.S.C. § 362(a).
[7] "The scope of sec. 362(a) is very broad, with narrow exceptions as listed in sec. 362(b). Outside of these limited exceptions, the stay applies to "almost any type of formal or informal action against the debtor or the property of the estate." R.S. Ranches, Inc. v. Gerard, 16364-4-III, 1998 WL 283534 (Wash. Ct. App. June 2, 1998) citing 2 Collier on Bankruptcy £ 362.04, at 362-34 (Lawrence P. King ed., 15th ed. 1991).
[8] "Except as provided in subsections (d), (e), (f), and (h) of this section--(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate" 11 U.S.C. § 362(c).

57. Normally, a Bankruptcy Trustee will allow a debtor to exempt such claims and/or abandon such claims to the debtor at the close of the bankruptcy case.

58. The Bankruptcy Trustee for Phillips' estate, however, objected to Phillips' claimed exemption in the claims (Ex. 2, page 14, line 23) due to the fact that the value of the claims likely exceeded the exemptible amount.

59. Moreover, the Bankruptcy Trustee refused to abandon the claims to Phillips unless Phillips agreed to enter a settlement agreement with the bankruptcy estate in consideration for all rights to the non-exemptible portion of the claims.

60. After agreeing to a settlement and receiving approval from the Bankruptcy Court, the claims would finally be abandoned to Phillips.

61. In an effort to increase the amount Phillips had to pay for the claims, thus increasing income to the estate, the Bankruptcy Trustee attempted to garner interest from various entities Phillips desired to sue. The desire was to create a competitive bidding process for rights to the non-exemptible portion of the claims.

62. The trustee had surprisingly little success in creating such competition with only one individual bidding against Phillips.

63. After lengthy negotiations between the Bankruptcy Trustee, Phillips, and the other interested entity, Phillips was able to purchase all rights to the non-exemptible portion of the claims for only $12,000 even though, in Phillips' opinion, the value of the alleged non-exemptible portion of those claims greatly exceeded $12,000.

64. The bankruptcy court had to approve the agreement before it became final.

65. The agreement between the Bankruptcy Trustee and Phillips was approved by the bankruptcy court on November 6, 2009.

1   66.   A true and exact copy of the bankruptcy court order is attached as Ex. 2, pages 11-16 and

2         is entitled "Order Approving Compromise of Claim."

3   67.   The Bankruptcy Court order stated that the order would not go into effect until the

4         Bankruptcy Trustee filed a Notice of Abandonment with the court. Ex. 2, page 13.

5   68.   The Bankruptcy Trustee filed the Notice of Abandonment on November 19, 2009.

6   69.   A true and exact copy of the Notice of Abandonment is attached as Ex. 3, pages 17-20.

7   70.   Due to the complex nature of Phillips' bankruptcy, Phillips had to amend his Schedule B

8         (the portion of the bankruptcy schedules where potential claims are to be listed).

9   71.   The Notice of Abandonment refers to Phillips' most recent Amended Schedule B.[9]

10  72.   A true and exact copy of the most recent Amended Schedule B (which was filed on

11        August 27, 2009) is attached as Ex. 4, pages 21-29.[10]

12  73.   Phillips' claim against the media is located at Ex. 3, page 19, Line 18 and Ex. 4, page 26,

13        #21 (toward the center) and is listed on the Notice of Abandonment (Ex. 3 page 19, Line

14        18) as "Potential claim for libel and slander against media and similar or related torts."

15  74.   All actions Phillips had against Defendant were, thus, stayed from July 2, 2008 to

16        November 19, 2009 pursuant to RCW § 4.16.230.[11,12]

---

[9] The Notice of Abandonment indicates that said amendment was filed August 28, 2009. Said date is one day off. No Amended Schedule B was filed on August 28, 2009. The amendment was filed on August 27, 2009 and entered into the docket on August 31, 2009. No other amendments were filed near this time period. The error is of no significance, however, because, as indicated in the case law cited in this pleading, even unscheduled assets become property of the bankruptcy estate upon filing of a Chapter 7 petition. Furthermore, a Bankruptcy Trustee can abandon unscheduled assets as long as he has been informed of their existence. See, for example, Tschirn v. Secor Bank, 123 B.R. 215 (E.D. La. 1991). The fact that the Bankruptcy Trustee drafted the formal Notice of Abandonment demonstrates that he was aware of the claims. Such an abandonment is irrevocable. Id. at 218.

[10] When the Amended Schedule B was filed, it was also filed with an Amended Schedule C. The first eight pages of the August 27th filing compose the entirety of the Amended Schedule B.

1   75.   As such, the period of time from July 2, 2008 to November 19, 2009 (505 days) is not part

2         of the time limited for the commencement of this action.

3   76.   On August 20th, 2008, prior to Seattle Eye Surgeons declaring bankruptcy, Phillips

4         entered into an agreement with Seattle Eye Surgeons to purchase all assets that the future

5         bankruptcy trustee for Seattle Eye Surgeons chose to abandon or failed to administer. Ex.

6         5, P. 30-32.

7   77.   On October 18, 2008, Seattle Eye Surgeons filed a Chapter 7 bankruptcy petition.

8   78.   The bankruptcy petition for Seattle Eye Surgeons was filed in the Bankruptcy Court for

9         the Western District of Washington, Case No. 08-16943.

10  79.   Applicable portions of the bankruptcy petition for Seattle Eye Surgeons are located at Ex.

11        6, P. 33-41.

12  80.   Claims against the media are listed at Ex. 6, P. 39.

13  81.   On June 30, 2008, the schedules for Seattle Eye Surgeons were amended to list the

14        potential claims with more specificity. Ex. 7, P. 42-46.

15  82.   The claims against the media are located at Ex. 7, P. 46 and are listed as "Claims against

16        the media for damages stemming from libel, slander, and similar or related torts directed

17        toward Dr. Christopher Phillips."

18  83.   Phillips offered to purchase all claims from the Bankruptcy Trustee for Seattle Eye

19        Surgeons, but the Bankruptcy Trustee did not feel it was worth his time to deal with the

---

[11] "When the commencement of an action is stayed by injunction or a statutory prohibition, the time of the continuance of the injunction or prohibition shall not be a part of the time limited for the commencement of the action." RCW § 4.16.230.

[12] "When a person is prevented from exercising his legal remedy by some positive rule of law, the time during which he is prevented from bringing suit is not to be counted against him in determining whether the statute of limitations has barred his right even though the statute makes no specific exception in his favor in such cases." (Citations Omitted). Seamans v. Walgren 82 Wn.2d 771, 775 (1973).

1    purchase and the paperwork involved.

2    84.   As a result, the Bankruptcy Case involving Seattle Eye Surgeons was closed on August

3          24, 2010. Ex. 8, P. 50 (last docket item).

4    85.   As a result, Seattle Eye Surgeons claim against the media was abandoned on August 24,

5          2010.[13]

6    86.   For the above reasons, Seattle Eye Surgeons claim against Defendant was tolled from

7          October 18, 2008 to August 24, 2010 (680 days).

8    87.   In approximately April, 2009, Phillips was approached by an individual near his home.

9    88.   The individual identified Phillips from media coverage. The individual then assaulted

10         Phillips. Phillips defended himself. The individual pulled a knife and subsequently

11         stabbed Phillips.

12   89.   The assault and stabbing were proximately caused by Defendant's statements regarding

13         Phillips.

14   90.   Phillips became emotionally distressed as a result of the Defendant's statements.

15   91.   The distress manifested itself in physical symptoms.

16   92.   Phillips obtained treatment for emotional distress and its associated physical symptoms.

17   93.   With the intent to cause Phillips further emotional distress, Defendant continued making

18         false statements regarding Phillips.

19   94.   Even to this day, Defendant has continued to publish the statements its website.

20                                  **CAUSES OF ACTION**

21   **Counts I AND II**

22            **Intentional AND Negligent Infliction of Emotional Distress**

_____

[13] See 11 U.S.C. § 554(c).

1    95.  Phillips incorporates the above allegations by reference.

2    96.  Defendant's actions toward Phillips in intentionally communicating false information

3         regarding Phillips with the intent to cause Phillips emotional distress constitutes

4         intentional infliction of emotional distress.

5    97.  Defendant's actions were extreme in degree, outrageous in character, went beyond all

6         possible bounds of decency, and are regarded as atrocious and utterly intolerable in a

7         civilized community.

8    98.  As a result of Defendant's intentional infliction of emotional distress, Phillips has suffered

9         physical injury and emotional distress exhibited by objective symptoms and continues to

10        suffer emotional distress exhibited by objective symptoms.

11   99.  Defendant's actions damaged Phillips in an amount to be proven at trial.

12   **Counts III AND IV**

13                   **Defamation AND Defamation Per Se**

14   100. Phillips incorporates the above allegations by reference.

15   101. Defendant did negligently publish unprivileged, false, and defamatory statements of or

16        concerning Phillips. These actions constitute both slander and libel (defamation).

17   102. Some statements were published after arguing with Phillips over prior statements

18        Defendant had published.

19   103. Defendant published the statements out of malice.

20   104. Defendant's false statements subjected Phillips to hatred, contempt, ridicule or obloquy,

21        lowered Phillips in the estimation of the community and deterred third persons from

22        associating or dealing with him.

23   105. Defendant's statements constitute defamation per se.

1    106. Defendant's statements damaged Phillips' in an amount to be proven at trial.

2    **Counts V AND VI**

3    **Intentional Interference with Contractual Relations AND**
4    **Interference with a Prospective Advantage**

5    107. Phillips incorporates the above allegations by reference.

6    108. Phillips had a valid contractual relationship with Seattle Eye Surgeons, DBA Lomas

7         LASIK and Eye Care Center.

8    109. Defendant had knowledge the above contractual relationship and intentionally interfered

9         with that expectancy inducing termination of the relationship.

10   110. As a result of Defendant's false statements, Phillips also faces increased difficulty forming

11        future business relationships. Defendant knew or should have known its statements would

12        result in Phillips having increased difficulty forming future business relationships.

13   111. Defendant interfered for an improper purpose and with improper means.

14   112. Defendant's actions damaged Phillips' prospective advantage and interfered with his

15        contractual relations.

16   **Count VII**

17   **Publication in a False Light**

18   113. Phillips incorporates the above allegations by reference.

19   114. Defendant intentionally placed Phillips in a false light.

20   115. The publication was substantial and resulted from conduct that would be highly offensive

21        and objectionable to the ordinary person.

22   116. The publication would be highly offensive to a reasonable person.

23   117. The publication involved matters which general public would not have known.

24   118. The publication involved private affairs and was not of a legitimate concern to the public.

1    119. As a result of Defendant's intentional conduct, Phillips has suffered and continues to

2         suffer damages in an amount to be determined at trial.

3    **Count VIII**

4                                    **Civil Harassment**

5    120. Phillips incorporates the above allegations by reference.

6    121. Defendant knowingly and willfully directed a course of conduct toward Phillips which

7         seriously alarmed, annoyed, or harassed Phillips.

8    122. Defendant's conduct would cause a reasonable person to suffer substantial emotional

9         distress.

10   123. Defendant's conduct caused Phillips substantial emotional distress.

11   124. Defendant's conduct occurred over a period of time evidencing a continuity of purpose.

12   125. Phillips gave Defendant clear notice that their publications were false and that further

13        publications would result in legal action.

14   126. Defendant's conduct was designed to alarm, annoy, or harass Phillips.

15   127. Defendant was not acting pursuant to any statutory authority.

16   128. Defendant's conduct had the purpose or effect of unreasonably interfering with Phillips'

17        privacy or the purpose or effect of creating an intimidating, hostile, or offensive living

18        environment for Phillips.

19   129. Phillips has not been limited from contacting Defendant in any manner by any previous

20        court order.

21   130. As a result of Defendant's intentional conduct, Phillips has suffered and continues to

22        suffer damages in an amount to be determined at trial.

23                                   **PRAYER FOR RELIEF**

1    131. Now therefore, Phillips prays for relief as follows:

2          a.   For judgment in favor of Phillips and against Defendant on all counts.

3          b.   For actual damages and punitive damages which shall be determined at trial.

4          c.   For costs associated with bringing and prosecuting of this action, including

5               attorney fees and/or a reasonable compensation for Phillips in return for his labor

6               in acting as his own attorney.

7          d.   For such further relief as the court deems just and equitable.

8                              **JURY DEMAND**

9    132. Phillips hereby demands a trial by jury on all issues so triable.

10   DATED THIS 3rd day of April, 2011.

11

12   Chris Phillips, MD, JD, MBA
13   *Pro se*
14   43 Parkedge Cr.
15   Dartmouth, Nova Scotia  B2V 2V1
16   Canada

Ex. 1

| United States Bankruptcy Court<br>Western District of Washington | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Phillips, Christopher,** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**d/b/a Seattle Eye Surgeons, PS d/b/a Lomas LASIK and Eye Surgery Center** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): **6430, UBI #602738204** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN(if more than one, state all): |

| Street Address of Debtor (No. & Street, City, and State):<br>**1800 SE 8th St<br>Renton, WA**           ZIP CODE **98057** | Street Address of Joint Debtor (No. & Street, City, and State):           ZIP CODE |
|---|---|
| County of Residence or of the Principal Place of Business:<br>**King** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):           ZIP CODE | Mailing Address of Joint Debtor (if different from street address):           ZIP CODE |

| Location of Principal Assets of Business Debtor (if different from street address above):           ZIP CODE |
|---|

| Type of Debtor<br>(Form of Organization)<br>(Check **one** box.) | Nature of Business<br>(Check **one** box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check **one** box) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities,<br>check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11<br> U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☑ Chapter 7          ☐ Chapter 15 Petition for<br>☐ Chapter 9          Recognition of a Foreign<br>☐ Chapter 11          Main Proceeding<br>☐ Chapter 12          ☐ Chapter 15 Petition for<br>☐ Chapter 13          Recognition of a Foreign<br>                           Nonmain Proceeding |

| Tax-Exempt Entity<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization<br>under Title 26 of the United States<br>Code (the Internal Revenue Code.) | Nature of Debts<br>(Check one box)<br>☐ Debts are primarily consumer      ☑ Debts are primarily<br>debts, defined in 11 U.S.C.      business debts.<br>§ 101(8) as "incurred by an<br>individual primarily for a<br>personal, family, or house-<br>hold purpose." |
|---|---|

| Filing Fee (Check one box)<br>☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach<br>signed application for the court's consideration certifying that the debtor is<br>unable to pay fee except in installments. Rule 1006(b) See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must<br>attach signed application for the court's consideration. See Official Form 3B. | Chapter 11 Debtors<br>Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to<br>insiders or affiliates) are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes<br>of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| Statistical/Administrative Information<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative<br>expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than $1<br>billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000 | $50,001 to<br>$100,000 | $100,001 to<br>$500,000 | $500,001 to<br>$1<br>million | $1,000,001<br>to $10<br>million | $10,000,001<br>to $50<br>million | $50,000,001<br>to $100<br>million | $100,000,001<br>to $500<br>million | $500,000,001<br>to $1 billion | More than $1<br>billion |

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Christopher Phillips** |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed:     **NONE** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) |||
|---|---|---|
| Name of Debtor:<br>**NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐   Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>**X   Not Applicable**<br>_____<br>Signature of Attorney for Debtor(s)          Date |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br>☐   Yes, and Exhibit C is attached and made a part of this petition.<br>☒   No |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>☒   Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐   There is a bankruptcy case concerning debtor's affiliate. general partner, or partnership pending in this District.<br><br>☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District. or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes.) |
|---|
| ☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following).<br><br>_____<br>(Name of landlord that obtained judgment)<br><br>_____<br>(Address of landlord)<br><br>☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐   Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Christopher Phillips** |
|---|---|

## Signatures

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of Title 11, United States Code. Certified Copies of the documents required by § 1515 of title 11 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the Chapter of title 11 specified in the petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

**X s/ Christopher Phillips**

Signature of Debtor    **Christopher Phillips**

**X Not Applicable**

Signature of Joint Debtor

Telephone Number (If not represented by attorney)

**7/2/2008**

Date

**X Not Applicable**

(Signature of Foreign Representative)

_____

(Printed Name of Foreign Representative)

_____

Date

| **Signature of Attorney** | **Signature of Non-Attorney Petition Preparer** |
|---|---|

**X /s/ Gloria Z. Nagler**

Signature of Attorney for Debtor(s)

**Gloria Z. Nagler  Bar No.  13176**

Printed Name of Attorney for Debtor(s) / Bar No.

**NAGLER & ASSOCIATES**

Firm Name

**Logan Building, Ste. 927 500 Union Street**

Address

**Seattle, WA 98101-2332**

**(206) 224-3460            (206) 224-3463**

Telephone Number

**7/2/2008**

Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

**Not Applicable**

Printed Name and title, if any, of Bankruptcy Petition Preparer

_____

Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____

Address

**X Not Applicable**

Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. | |

**X Not Applicable**

Signature of Authorized Individual

_____

Printed Name of Authorized Individual

_____

Title of Authorized Individual

_____

Date

4

B6B (Official Form 6B) (12/07)

In re  __Christopher Phillips_____,     Case No. _____
                          **Debtor**                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **100.00** | | **100.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Key Bank<br>53 SW Sunset Blvd.<br>Renton, WA  98057<br><br>Checking account #472572052968** | | **44.96** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Bedroom furniture, couch, loveseat, chair, coffee table, end tables, TV, DVD player, dining table and chairs, laptop, cookware, dishware, kitchen untensils, small kitchen appliances,** | | **3,000.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Hardcover and paperback books, Cds, DVDs, framed prints** | | **70.00** |
| 6. Wearing apparel. | | **Mens clothing, outerwear and shoes** | | **50.00** |
| 7. Furs and jewelry. | | **Wedding band** | | **100.00** |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **New York Life Insurance Co.<br>4343 N. Scottsdale Rd.<br>Suite 200<br>Scottsdale, AZ  85251<br><br>Term Life policy #76215630** | | **0.00** |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **TD Ameritrade<br>P.O. Box 2209<br>Omaha, NE  68103-2209<br><br>IRA #786002136** | | **25,142.62** |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Ameritrade<br>P.O. Box 2270<br>Omaha, NE  68103-2270<br><br>Stock account #870504393** | | **0.00** |

5

B6B (Official Form 6B) (12/07) -- Cont.

In re   **Christopher Phillips**                                    ,          Case No. _____
                    **Debtor**                                                                      **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Seattle Eye Surgeons, PS d/b/a Lomas LASIK and Eye Surgery Center**<br><br>**100% ownership**<br><br>**Debts and expenses exceed income and assets.** | | **0.00** |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Back pay owed by Seattle Eye Surgeons.**<br><br>**Likely uncollectible** | | **426.67** |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **2007 Tax refund.**<br><br>**Estimated and unfiled** | | **3,000.00** |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Possible claims against: International Optical, Tom Foster, Ann Foster, Valley Eye & Laser Center, Inc., Paul Joos, M.D., Peter Jones, M.D., Chris Monson, M.D., Viet Bui, M.D. for various torts including conversion.** | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Potential claim against Dr. Richard Lomas and Lomas Lasik & Eye Care Center, Inc. for fraudulent misrepresentation associated with sale of business** | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Potential claim against Dr. Richard Lomas for defamation.**<br><br>**Value unknown at this time, but Debtor intends to exempt entire claim** | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Potential claim against landlord for deposit held** | | **1,675.00** |

6

B6B (Official Form 6B) (12/07) -- Cont.

In re   **Christopher Phillips** _____,                    Case No. _____

                              Debtor                                                                              (If known)

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Potential Claim for libel and slander against neighbor.** <br><br> **Value unknown at this time, but Debtor intends to exempt entire claim** | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Potential claims media for libel and slander.** <br><br> **Value unknown at this time, but Debtor intends to exempt entire claim** | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Potential medical malpractice claim against Hazeldon Foundation** <br><br> **Value unknown at this time, but debtor intends to exempt entire claim** | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **The Prairie Eye  Center** <br> **2020 W. Iles Ave** <br> **Springfield IL  62707** <br><br> **Breach of contract claim** | | **169,000.00** |
| 22. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2001 Accura MDX** | | **9,500.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested.  Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |

7

**B6B (Official Form 6B) (12/07) -- Cont.**

In re   **Christopher Phillips**_____,        Case No. _____
                              **Debtor**                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed.  Itemize. | X | | | |

_3_   continuation sheets attached        Total ➤      **$ 212,109.25**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6 Declaration (Official Form 6 - Declaration) (12/07)

In re **Christopher Phillips**
_____
**Debtor**

Case No. _____
**(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ **62** _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: **7/2/2008** _____

Signature: **s/ Christopher Phillips** _____
**Christopher Phillips**
Debtor

[If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT APPLICABLE)

---

_Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571._

## UNITED STATES BANKRUPTCY COURT
### Western District of Washington

Attorney Name, Address, Telephone No. & Bar ID No.

**Gloria Z. Nagler**                          **13176**

**Logan Building, Ste. 927**
**500 Union Street**
**Seattle, WA 98101-2332**
**(206) 224-3460**

In re:

**Christopher Phillips**

(Debtor)

**BANKRUPTCY NO.**

## DECLARATION RE: ELECTRONIC FILING OF
### PETITION, SCHEDULES & STATEMENTS

### PART 1- DECLARATION OF PETITIONER

I **Christopher Phillips**_____,

the undersigned debtor(s), **hereby declare under penalty of perjury** that the information provided in the electronically filed petition, statements, and schedules is true and correct.  I consent to my attorney sending my petition, this declaration, statements and schedules to the United States Bankruptcy Court. I understand that this DECLARATION RE: ELECTRONIC FILING is to be filed with the Clerk of the Court no later than **5 business days** following the date the petition was electronically filed. I understand that failure to file the signed original of this DECLARATION will cause my case to be dismissed pursuant to 11.U.S.C. § 707(a)(3) without further notice.

- ☐ If petitioner is an individual whose debts are primarily consumer debts and who has chosen to file under chapter 7: I am aware that I may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, understand the relief available under each chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter specified in this petition.

- ☐ If petitioner is a corporation or partnership: I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief  in accordance with the chapter specified in this petition.

- ☐ If petitioner files an application to pay filing fee in installments: I certify that I completed an application to pay the filing fee in installments. I am aware that the bankruptcy case will be dismissed and I may not receive a discharge of my debts if the fee is not paid within 120 days of the date of filing the petition.

Dated:          **7/2/2008**

Signed:    **s/ Christopher Phillips**_____
                        (Applicant)

### PART II - DECLARATION OF ATTORNEY

I **declare under penalty of perjury** that the debtor(s) signed this form before I electronically transmitted the petition, schedules, and statements to the United States Bankruptcy Court, and have followed all other requirements in General Order No. 3. If an individual, I further declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11,12 or 13 of Title 11, United States Code, and have explained the relief available under each chapter. This declaration is based on the information of which I have knowledge.

Dated:          **7/2/2008**

                                   **/s/ Gloria Z. Nagler**_____
[Local Rules W.D. Wash. Bankr. form 6]                  Attorney for Debtor(s)

Ex. 2

Entered on Docket Nov. 06, 2009

1
2
3
4
5
6

Honorable Karen A. Overstreet
November 6, 2009; 9:30 a.m.

FILED
Western District of Washington
at Seattle

NOV 0 6 2009

U.S. Bankruptcy Court

7

IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8   In re:                                              )   Chapter 7
                                                        )   Bankruptcy No. 08-14147
9   CHRISTOPHER PHILLIPS,                               )
    d/b/a Seattle Eye Surgeons, P.S., d/b/a             )
10  Lomas LASIK and Eye Surgery Center,                 )   ORDER APPROVING COMPROMISE
                                                        )   OF CLAIM
11              Debtor(s).                               )
    _____ )

12

13          THIS MATTER having come regularly before the below-signed judge of the above-entitled

14  court upon the trustee's motion to compromise a claim with the debtor, proper notice having been

15  given, Richard W. Lomas M.D. having timely objected, and said objection having been overruled

16  or otherwise incorporated into the terms of this order, good cause appearing, and it being in the best

17  interest of the estate, now, therefore, it is hereby

18          ORDERED that the trustee's settlement with the debtor is approved, whereby the trustee will

19  abandon all of the personal property listed on the debtor's Amended Schedule B, with the exception

20  of the claims against Prairie Eye Center, any claims arising or related to Standard Insurance disability

21  income insurance policy number 00C792466, claims related to Adversary No. 08-01232, the

22  interpleaded funds in Adversary No. 09-01358 and any assets that have not been disclosed, in

23  exchange for a payment from the debtor of $12,000, as more particularly described in the settlement

24  agreement attached hereto and incorporated herein.

////

25  ////

////

ORDER APPROVING
COMPROMISE OF CLAIM
090911fOrd  Page 1

 **ORIGINAL**

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101 - (206) 441-
0826

12

1    IT IS HEREBY FURTHER ORDERED that the abandonment will become effective upon

2    the filing of a notice of abandonment with the court.

3    DONE IN OPEN COURT this _____ day of November, 2009.

4

5

6    _____
     KAREN A. OVERSTREET

7    UNITED STATES BANKRUPTCY JUDGE

8    Presented By:

9    THE RIGBY LAW FIRM

10

11   _____
     Rory C. Livesey, WSBA #17601

12   Of Attorneys for Trustee

13

14

15

16

17

18

19

20

21

22

23

24

25

**ORDER APPROVING**                          THE RIGBY LAW FIRM
**COMPROMISE OF CLAIM**                       600 Stewart Street, Suite 1908
090911fOrd  Page 2                           Seattle, WA 98101 - (206) 441-
                                             0826

13

Honorable Karen A. Overstreet

1

2

3

4

5

6                  IN THE UNITED STATES BANKRUPTCY COURT FOR THE
                        WESTERN DISTRICT OF WASHINGTON AT SEATTLE
7

8   In re:                                    )   Chapter 7
                                              )   Bankruptcy No. 08-14147
9   CHRISTOPHER PHILLIPS,                     )
    d/b/a Seattle Eye Surgeons, P.S., d/b/a   )   SETTLEMENT AGREEMENT
    Lomas LASIK and Eye Surgery Center,       )
10                                            )
                                              )
11           Debtor(s).                       )
    _____  )

12          This Agreement is entered into on the date last written below between Nancy James,

13   Bankruptcy Trustee for Christopher Phillips, ("Trustee"), and Christopher Phillips ("Phillips").

14          WHEREAS, Phillips filed a Chapter 7 bankruptcy petition in the United States Bankruptcy

15   Court for the Western District of Washington at Seattle on July 2, 2008 under the above-referenced

16   bankruptcy number;

17          WHEREAS, Nancy James is the duly authorized trustee appointed in that case;

18          WHEREAS, On August 28, 2009, Phillips has filed an amended Schedule B - Personal

19   Property listing various items of personal property as assets of the estate;

20          WHEREAS, On August 28, 2009, Phillips has filed an amended Schedule C - Exemptions

21   claiming certain assets listed on the amended Schedule B referenced in the preceding paragraph as

22   exempt;

23          WHEREAS, the Trustee has timely objected to the amended exemptions; and

24          WHEREAS, the parties desire to avoid the costs and uncertainty of litigation.

25          NOW, THEREFORE, in consideration of the mutual promises and covenants herein, the

    parties agree as follows:

**SETTLEMENT AGREEMENT**                        THE RIGBY LAW FIRM
090911cAgr Page 1                               600 Stewart Street, Suite 1908
                                                Seattle, WA 98101 - (206) 441-
                                                0826

14

1        1.      This Agreement is contingent upon the Bankruptcy Court entering a "Final Order."

2    A Final Order is an order entered by the Bankruptcy Court, after notice to parties in interest,

3    approving this Agreement where no objection to the entry of the order is filed.  If an objection to the

4    entry of an order approving this Agreement is filed, a Final Order is an order entered by the

5    Bankruptcy Court approving this Agreement and the expiration of the ten day appeal period after the

6    entry of that order, during which period neither a notice of appeal of the order nor a motion to

7    reconsider the order is filed.  If a Final Order approving this Agreement does not exist on or before

8    60 days from the date last written below, then this Agreement is null and void.  If the Bankruptcy

9    Court denies the motion to approve this Agreement then it is null and void.  The Trustee will move

10   to obtain an order approving this Agreement as soon as is reasonably possible, and will use his or

11   her best efforts to seek approval of this Agreement.

12       2.      In consideration of this settlement Phillips has paid the estate $12,000.  If this

13   settlement is not approved by the court, the Trustee will return the $12,000 to Phillips.

14       3.      Ten (10) days after entry of a final order, the Trustee will file a notice with the court

15   in the form attached hereto abandoning the estate's interest in the personal property listed thereon.

16   Specifically excepted from the list of property to be abandoned will be the claim against Prairie Eye

17   Center, any claims arising or related to Standard Insurance disability income insurance policy

18   number 00C792466, claims related to Adversary No. 08-01232 or the interpleaded funds in

19   Adversary No. 09-01358.  The abandonment specifically will not include any assets that have not

20   been disclosed.

21       4.      The undersigned hereby declare that each is authorized to execute this Agreement and

22   that the terms of this Agreement are for the express purpose of precluding forever any further

23   additional claim or claims by the parties arising out of or in any way connected with the abandoned

24   property referenced in paragraph 3 above.

25

**SETTLEMENT AGREEMENT**
090911cAgr Page 2

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101 - (206) 441-
0826

15

1   5.   Nothing in this Agreement will be construed as a waiver or a resolution of any of the

2   issues raised in Adversary No. 08-01232 regarding Standard Insurance disability income insurance

3   policy number 00C792466 or Phillips' claim of exemption therein.

4   6.   This Agreement contains the entire agreement between the parties hereto and the

5   terms of this Agreement are contractual and not a mere recital.

6   7.   This Agreement shall be interpreted in accordance with the laws of the State of

7   Washington.

8   8.   This Agreement may be signed by the parties in counterparts and the signatures

9   attached hereto which shall be as effective as if one document were signed by all.

10   DATED this _____ day of November, 2009.

11

12

13

14   _____
     Nancy James, Bankruptcy Trustee for
     Christopher Phillips

15   DATED this _____ day of November, 2009.

16

17

18

19   _____
     Christopher Phillips, Debtor

20

21

22

23

24

25

**SETTLEMENT AGREEMENT**
090911cAgr  Page 3

THE RIGBY LAW FIRM
600 Stewart Street, Suite 1908
Seattle, WA 98101 - (206) 441-0826

16

Ex. 3

1             Honorable Karen A. Overstreet

2

3

4

5

6

7     IN THE UNITED STATES BANKRUPTCY COURT FOR THE
       WESTERN DISTRICT OF WASHINGTON AT SEATTLE

8

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| 9 | ) | Bankruptcy No. 08-14147 |
| CHRISTOPHER PHILLIPS, | ) | |
| d/b/a Seattle Eye Surgeons, P.S., d/b/a | ) | NOTICE OF |
| Lomas LASIK and Eye Surgery Center, | ) | ABANDONMENT |
| | ) | |
| Debtor(s). | ) | |
| | ) | |

13    COMES NOW the duly appointed trustee, Nancy James, through counsel, The Rigby Law

14 Firm, and Rory C. Livesey, pursuant to an Order Approving Compromise of Claim with the debtor

15 entered on November 6, 2009, and does abandon the following personal property listed on the

16 debtor's Schedule B filed on August 28, 2009, with their value on the date of filing:

17   Cash              $  100.00

18   Key Bank Checking Account
     No. 472572052968     $   44.96

19

20   Household Goods, Furnishings, Pictures,
     Books, Wearing Apparel and Jewelry $  3,220.00

21   New York Life Term Insurance Policy
     No. 76215630        $    0.00

22   TD Ameritrade IRA Acct. No. 786002136 $ 21,142.62

23   Ameritrade Stock Acct. No. 870504393 $    0.00

24   Stock in Seattle Eye Surgeons   $    0.00

25   Back pay and out of pocket expenses owed
     by Seattle Eye Surgeons ( likely
     uncollectible)        $   426.67

**NOTICE OF ABANDONMENT**       **THE RIGBY LAW FIRM**
090928eNot  Page 1         600 Stewart Street, Suite 1908
                  Seattle, WA 98101 - (206) 441-0826

18

| 1 | 2007 tax refund | $ | 3,000.00 |

2  Possible claims against International
       Optical, Tom Foster, Ann Foster
3      Valley Eye and Laser Clinic Center,
       Inc., Paul Joos, M.D., Peter Jones,
4      M.D., Chris Monson, M.D., Viet Bui,
       M.D., for various torts including
5      conversion                           $    Unknown

6  Potential claim against Dr. Richard Lomas and
       Lomas Lasik and Eye Care Center, Inc.
7      for fraudulent misrepresentation
       associated with sale of business and
8      similar or related torts             $    Unknown

9  Potential claim against Dr. Richard Lomas for
       defamation and similar or related torts   $    Unknown
10
   Potential claim against landlord for deposit held
11     and similar or related torts          $    1,675.00

12 Potential claim against the City of Renton and
       Officer Kordel of the Renton Police
13     Department for malicious prosecution
       and illegal entry of debtor's home and
14     similar or related torts              $    Unknown

15 Potential claim for libel and slander against
       neighbor and similar or related torts   $    Unknown
16
   Potential claim for unemployment income     $    Unknown
17
   Potential claims against media for libel and
18     slander and similar or related torts   $    Unknown

19 Potential medical malpractice claim against
       Hazeldon Foundation and similar
20     or related torts                      $    Unknown

21 Potential claim against the City of Renton and
       the Renton Police Department for
22     illegal entry into debtor's home and
       the inappropriate charging of him with
23     three crimes and similar or related torts   $    Unknown

24 2001 Acura MBX                            $    9,500.00

25

**NOTICE OF ABANDONMENT**
090928eNot  Page 2

**THE RIGBY LAW FIRM**
600 Stewart Street, Suite 1908
Seattle, WA 98101 - (206) 441-0826

19

1       This abandonment does not include property specifically excluded from the Settlement

2    Agreement, any property of the estate not listed on the debtor's Amended Schedule B, or any

3    property previously administered by the trustee.

4       DATED this 18th day of November, 2009.

5                     THE RIGBY LAW FIRM

6

7                     */S/ Rory C. Livesey*

8                     Rory C. Livesey, WSBA #17601
                             Of Attorneys for Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**THE RIGBY LAW FIRM**
600 Stewart Street, Suite 1908
Seattle, WA 98101 - (206) 441-0826

Ex. 4

UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

http://www.wawb.uscourts.gov

F I L E D

Western District of Washington
at Seattle

AUG 27 2009

U.S. Bankruptcy Court

## AMENDMENT   COVER   SHEET

DEBTOR        LAST        NAME                    Phillips,            Christopher

_____

CASE NUMBER   08-14147_____        CHAPTER  _7_____

ATTORNEY FOR DEBTOR ____Pro se_____        PHONE   _902.424.5235_

_____

## PLEASE CHECK WHAT IS BEING AMENDED

PLEASE INDICATE WHICH SCHEDULE IS BEING AMENDED - *ONLY ONE $26.00 FEE REQUIRED IF AMENDMENT CONTAINS MORE THAN ONE CHANGE TO THE SCHEDULES AND LIST OF CREDITORS.

SUBMIT ORIGINAL ONLY ᴃ NO COPIES REQUIRED

1.  PETITION:        Change debtor(s) name requires Motion and Ex Parte Order (No fee required)

2.   MATRIX:        Adding, Deleting Creditors   (Requires $26 Fee)

No fee is required when the nature of the amendment is to change the address of a creditor or an attorney for a creditor listed on the schedules or to add the name and address of an attorney for a listed creditor.

When submitting an amended Matrix, send Matrix with <u>ONLY</u> the amended creditors.

3.  SCHEDULES:

D, E, F   (Requires $26 fee - *No Fee required for Chapter 13 cases, LBR 1009-1(c)(3))

22

A fee is charged to add creditors, delete creditors, change the amount of a debt, or change the classification of a debt.

A, B, C, G, H, I, J,  (No fee required)

4.  AMENDING AMOUNTS/TOTALS OF SCHEDULES:

D, E, F  (Requires $26 fee – *No Fee required for Chapter 13 cases, LBR 1009-1(c)(3))

A, B, C, G, H, I, J,  (No fee required)

5.  STATEMENT OF FINANCIAL AFFAIRS (No fee required)

It is the responsibility of the debtor to notify additional creditors by sending a section 341 meeting of creditors notice and/or Discharge Order to the individuals or companies added to the schedules/matrix.  A certificate of mailing in regard to this notification filed with the Clerk's office is appropriate.  If the case presently is closed a Motion To Reopen, Notice of Hearing, Proposed Order and Proof of Service, a filing fee, and the amendment fee must accompany the amendment.

Signature of Debtor

Rev 07/01/08

B6B (Official Form 6B) (12/07)

In re   **Christopher Phillips**                                         Case No. **08-14147**
                          Debtor                                                          (If known)

# AMENDED - SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | 100.00 | | 100.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Key Bank**<br>**53 SW Sunset Blvd.**<br>**Renton, WA  98057**<br><br>**Checking account #472572052968** | | 44.96 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Bedroom furniture, couch, loveseat, chair, coffee table, end tables, TV, DVD player, dining table and chairs, laptop, cookware, dishware, kitchen untensils, small kitchen appliances,** | | 3,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Hardcover and paperback books, Cds, DVDs, framed prints** | | 70.00 |
| 6. Wearing apparel. | | **Mens clothing, outerwear and shoes** | | 50.00 |
| 7. Furs and jewelry. | | **Wedding band** | | 100.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **New York Life Insurance Co.**<br>**4343 N. Scottsdale Rd.**<br>**Suite 200**<br>**Scottsdale, AZ  85251**<br><br>**Term Life policy #76215630** | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | **TD Ameritrade**<br>**P.O. Box 2209**<br>**Omaha, NE  68103-2209**<br><br>**IRA #786002136** | | 25,142.62 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize | | **Ameritrade**<br>**P.O. Box 2270**<br>**Omaha, NE  68103-2270**<br><br>**Stock account #870504393** | | 0.00 |

*CP*

B6B (Official Form 6B) (12/07) – Cont.

In re  **Christopher Phillips**                                    Case No. **08-14147**
                                                                          (If known)
                          **Debtor**

# AMENDED - SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Seattle Eye Surgeons, PS d/b/a Lomas LASIK and Eye Surgery Center**<br><br>**100% ownership**<br><br>**Debts and expenses exceed income and assets.** | | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15 Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | | **Back pay and out-of-pocket expenses owed to debtor by Seattle Eye Surgeons.**<br><br>**Likely uncollectible** | | 426.67 |
| 17 Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | **2007 Tax refund.**<br><br>**Estimated and unfiled** | | 3,000.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20 Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Disability claim/Potential increase in disability income.** *from Standard Insurance*<br><br>**Counterclaim** | | 6,600.00 |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Possible claims against: International Optical, Tom Foster, Ann Foster, Valley Eye & Laser Center, Inc., Paul Joos, M.D., Peter Jones, M.D.,  Chris Monson, M.D., Viet Bui, M.D. for various torts including conversion.** | | unknown |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | **Potential claim against Dr. Richard Lomas and Lomas Lasik & Eye Care Center, Inc. for fraudulent misrepresentation associated with sale of business** | | unknown |
| | | *CP* | | |

B6B (Official Form 6B) (12/07) – Cont.

In re   __Christopher Phillips_____          Case No. __08-14147_____
                                          **Debtor**                                                    (If known)

# AMENDED - SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims  Give estimated value of each. | | Potential claim against Dr. Richard Lomas for defamation.<br><br>Value unknown at this time, but Debtor intends to exempt entire claim | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Potential claim against landlord for deposit held | | **1,675.00** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Potential claim against the City of Renton and Officer Kordel of the Renton Police Department for **Malicious Prosecution**. and illegal entry of debtor's home | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Potential Claim for libel and slander against neighbor.<br><br>Value unknown at this time, but Debtor intends to exempt entire claim | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Potential claim for unpaid unemployments income. Likely uncollectible as claim has been previously denied. | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Potential claims media for libel and slander.<br><br>Value unknown at this time, but Debtor intends to exempt entire claim | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each | | Potential medical malpractice claim against Hazeldon Foundation<br><br>Value unknown at this time, but debtor intends to exempt entire claim | | **unknown** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | Refunded disability insurance premiums dating back to 2002 (yet to be received).  Debtor does not believe he is entitled to these funds. | | **8,260.13** |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | | The Prairie Eye  Center<br>2020 W. Iles Ave<br>Springfield IL  62707<br><br>Breach of contract claim | | **169,000.00** |
| 22  Patents, copyrights, and other intellectual property  Give particulars. | X | | | |

*CP*

26

B6B (Official Form 6B) (12/07) — Cont.

In re  Christopher Phillips
　　　　　　　Debtor

Case No. 08-14147
　　　　　　(If known)

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | | | | |
| 16. Accounts receivable. | | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A — Real Property. | | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Potential claim against the City of Renton and the Renton Police Department for Illegally entering debtor's home and inappropriately charging him with three crimes | | Unknown-Any estimate would also be nothing more than a guess |

CP

B6B (Official Form 6B) (12/07) -- Cont.

In re   Christopher Phillips_____,       Case No. 08-14147_____
                 **Debtor**                                                    **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
## (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | | | |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | | | | |
| 16. Accounts receivable. | | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | | | |
| 19 Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | Debtor claims absolutely no interest in deposit of $3,613.19 which was deposited into an escrow account held by Attorney Glosser for the exclusive use of Seattle Eye Surgeons | | 0 |



B6B (Official Form 6B) (12/07) — Cont.

In re  **Christopher Phillips**                                    Case No. **08-14147**
                         Debtor                                                    (If known)

# AMENDED - SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2001 Accura MDX** | | **9,500.00** |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

_5_ ⸱   continuation sheets attached            Total  ▸   **$ 226,969.38**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

*C P*

Ex. 5

## Bill of Sale

Date: August 20, 2008

Between:

      Christopher Phillips, individually (hereinafter, "Purchaser")
      Seattle Eye Surgeons, PS (hereinafter "Seller")

Due to media coverage that did not portray Purchaser or Seller very favorably, it has become apparent that Seller will soon file a Chapter 7 Bankruptcy Petition.

Out of a desire to preserve any assets the future Bankruptcy Trustee for Seller abandons or elects not to administer before the close Seller's future bankruptcy case, to avoid unnecessary litigation over any of these assets, and to ensure proper action is taken by Seller while Seller is still in existence and able to take such action, Seller enters into this agreement with Purchaser individually and not as an officer of Seattle Eye Surgeons, PS.

In exchange for consideration of $1,000.00 cash, Purchaser hereby purchases all legal or equitable interests of Seattle Eye Surgeons in property which the future bankruptcy trustee for Seller subsequently abandons and/or fails to administer by the close of Seattle Eye Surgeon's bankruptcy case. The purchased property does not include any unscheduled legal or equitable interests and does not include any property encumbered by any debt in excess of said property's value. For all other purposes, this agreement shall not be construed to mean that Purchaser is accepting assignment of any of Seller's debt.

Due to threats from the State of Washington to garnish Seller's accounts and due to problems with Seller being able to maintain a checking account due to its president, Christopher Phillips, being placed on Chexsystems, the $1,000.00 consideration is to be paid in cash. Said funds are to be used only for the benefit of Seattle Eye Surgeons. The funds are to be used to pay wages for services provided to Seller by Kim Hogan between July 3, 2008 and the day that Seller declares bankruptcy. Said wages are to be paid in cash. In the event that there are remaining funds after paying Kim Hogan's wages, the remaining funds are to be applied to wages owed by Seller to Russ Marashchuk for services provided to Seller by Russ Marashchuk between July 3, 2008 and the day that Seller declares bankruptcy. Again, said wages are to be paid in cash.

In the event that a Court determines consideration paid under this contract was determined to be unfair or otherwise improper, a Court must determine what payment would be proper considering only the facts known on the date this document was signed . The Court must then provide Purchaser the option to pay any additional amount before voiding the contract. If legally permissible, any additional amount owed must first be deducted as a partial or full substitute for wages Seller owes Purchaser as of the date of Seller's future bankruptcy petition. Said wages shall not include any amount for unused vacation time. If any further amount is owed, Purchaser must then be given the option to pay any additional amount required by the Court but shall not be obligated to do so if Purchaser does not agree with the Court's valuation. In such an event, this agreement becomes void unless the issue is appealed to a higher court and said Court requires a smaller payment which is acceptable to Purchaser.

*CP*

31

This contract is to be considered effective on the date it is signed, but any applicable abandoned or unadminstered interest shall not vest in Purchaser until immediately after said interest is abandoned or, in the event of an unadminstered asset, immediately upon closure of the Seller's bankruptcy case.

If a Court determines that any portion of Seller's Articles of Incorporation bar any aspect of this transaction, said Articles of Incorporation are to be considered amended by this agreement to the minimum extent necessary to assure the execution of this agreement.

If any portion of this agreement is barred or determined in any way to be void, the remaining portions should be given their full effect with the exception that Purchaser shall in no way be required to accept assignment of debt or any asset which is encumbered by a debt in excess of the asset's value.

Christopher Phillips, in his capacity as the President and sole shareholder of Seattle Eye Surgeons, hereby approves this transaction.

This agreement is to be interpreted under the laws of Washington State. Venue shall be King County Superior Court.

Executed this 20th Day of August, 2008.


_____
Christopher Phillips, Individually




_____
Seattle Eye Surgeons
By Christopher Phillips its President and Sole Shareholder

32

Ex. 6

B1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>Western District of Washington | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Seattle Eye Surgeons, PS** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**dba Lomas LASIK And Eye Surgery Centers** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **36-4611122** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**17800 Talbout Road S**<br>**Renton, WA**<br>ZIPCODE **98055** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br>ZIPCODE |
| County of Residence or of the Principal Place of Business:<br>**King** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIPCODE |

| Location of Principal Assets of Business Debtor (if different from street address above):<br>**17800 Talbot Road S, Renton, WA**   ZIPCODE **98055** |
|---|

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.)<br><br>☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | **Nature of Business**<br>(Check **one** box.)<br><br>☑ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other<br><br>**Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)<br><br>☑ Chapter 7  ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11  ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 12<br>☐ Chapter 13<br><br>**Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house-hold purpose."  ☑ Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box)<br><br>☑ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>**Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information**<br>☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

Estimated Number of Creditors

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

B1 (Official Form 1) (1/08)                                                                                                               Page 2

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Seattle Eye Surgeons, PS** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X _____<br>    Signature of Attorney for Debtor(s)            Date |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

    ☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

    ☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

    ☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

    ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

    ☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

    ☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord or lessor that obtained judgment)

_____

(Address of landlord or lessor)

    ☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

    ☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

    ☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (1/08)                                                                                          Page 3

| **Voluntary Petition** | Name of Debtor(s): |
| *(This page must be completed and filed in every case)* | **Seattle Eye Surgeons, PS** |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

_____
Date

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

| **Signature of Attorney\*** | **Signature of Non-Attorney Petition Preparer** |

X _____
Signature of Attorney for Debtor(s)

_____
Printed Name of Attorney for Debtor(s)

**Jeffrey B. Wells**
Firm Name

**500 Union St Suite 927**
Address

**Seattle, WA  98101-2332**

**(206) 624-0088**
Telephone Number

**October 18, 2008**
Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.

_____
Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

| **Signature of Debtor (Corporation/Partnership)** | |

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X */s/ Christopher Phillips, MD*
Signature of Authorized Individual

**Christopher Phillips, MD**
Printed Name of Authorized Individual

**President**
Title of Authorized Individual

**October 18, 2008**
Date

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.*

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**36**

B6B (Official Form 6B) (12/07)

**IN RE** Seattle Eye Surgeons, PS _____    Case No. _____
　　　　　　　　　　　Debtor(s) 　　　　　　　　　　　　　　　　　　　　　　(If known)

# SCHEDULE B - PERSONAL PROPERTY

　　Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**　　Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

　　If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.　Cash on hand. | X | | | |
| 2.　Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **business account with Washington Mutual, Renton Branch** | | **0.00** |
| 3.　Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.　Household goods and furnishings, include audio, video, and computer equipment. | X | | | |
| 5.　Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.　Wearing apparel. | X | | | |
| 7.　Furs and jewelry. | X | | | |
| 8.　Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.　Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.　Annuities. Itemize and name each issue. | X | | | |
| 11.　Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.　Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13.　Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14.　Interests in partnerships or joint ventures. Itemize. | X | | | |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

37

B6B (Official Form 6B) (12/07) - Cont.

**IN RE** Seattle Eye Surgeons, PS                                                    Case No. _____
                        Debtor(s)                                                                                          (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts receivable. | | various account receivables | | 160,000.00 |
| 17. Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | | eye surgery equipment, microscopes, exam equipment and office furniture | | 300,000.00 |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

38

B6B (Official Form 6B) (12/07) - Cont.

IN RE **Seattle Eye Surgeons, PS**                                   Case No. _____
_____
                        Debtor(s)                                                                    (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | **claim against money held by Richard Lomas vaction & sick leave - $50,000 guarantee work - $17,000** | | **67,000.00** |
| | | **claim for refund from Lawrence Glosser** | | **3,016.00** |
| | | **claims against media for slander and libel** | | **unknown** |
| | | **Potential claim against: International Optical Tom Foster & Ann Foster Valley Eye & Laser Center, Inc Paul Joos M.D. Peter Jones M.D. Chris Monson M.D. Viet Bull M.D. for various torts including conversion** | | **unknown** |
| | | **terminated lease with R2R Investments for vacated office space** | | **unknown** |
| | | **various claims against Richard Lomas and LomasLasik & Eye Center Inc. for fraudulent misrepresentation and defamation** | | **unknown** |

| | TOTAL | **530,016.00** |
|---|---|---|

(Include amounts from any continuation sheets attached.
Report total also on Summary of Schedules.)

_____**0** continuation sheets attached

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

**39**

B6 Declaration (Official Form 6 – Declaration) (12/07)

IN RE **Seattle Eye Surgeons, PS** _____   Case No. _____
                                    Debtor(s)                                    (If known)

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date: _____   Signature: _____
                                                                                                    Debtor

Date: _____   Signature: _____
                                                                                          (Joint Debtor, if any)
                                                              [If joint case, both spouses must sign.]

---

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342 (b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____   _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer   Social Security No. (Required by 11 U.S.C. § 110.)

_If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs the document._

_____

Address

_____   _____
Signature of Bankruptcy Petition Preparer                                    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

_If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person._

_A bankruptcy petition preparer's failure to comply with the provision of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156._

---

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **President** _____ (the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership) of the **Seattle Eye Surgeons, PS** _____ (corporation or partnership) named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**39** sheets (_total shown on summary page plus 1_), and that they are true and correct to the best of my knowledge, information, and belief.

Date: **October 18, 2008** _____   Signature: _**/s/ Christopher Phillips, MD**_____

                                              **Christopher Phillips, MD** _____
                                                            (Print or type name of individual signing on behalf of debtor)

_[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]_

_Penalty for making a false statement or concealing property:_ Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.

**40**

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information, and belief.


Date: **October 18, 2008**                  Signature: ***/s/ Christopher Phillips, MD***

                                    **Christopher Phillips, MD, President**
                                    _____
                                    Print Name and Title

        [An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

                _____**0** continuation pages attached


*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. § 152 and 3571.*

© 1993-2008 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

41

Ex. 7

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
http://www.wawb.uscourts.gov



## AMENDMENT COVER SHEET

DEBTOR LAST NAME _Seattle Eye Surgeons_

CASE NUMBER _08-16943_          CHAPTER _7_

ATTORNEY FOR DEBTOR _Jeff Wells_       PHONE _(206) 624-0088_

## PLEASE CHECK WHAT IS BEING AMENDED

**PLEASE INDICATE WHICH SCHEDULE IS BEING AMENDED - *ONLY ONE $26.00 FEE REQUIRED IF AMENDMENT CONTAINS MORE THAN ONE CHANGE TO THE SCHEDULES AND LIST OF CREDITORS.**

**SUBMIT ORIGINAL ONLY – NO COPIES REQUIRED**

1. **PETITION:**   Change debtor(s) name requires Motion and Ex Parte Order (No fee required)

2. **MATRIX:**   **Adding, Deleting Creditors  (Requires $26 Fee)**

   **No fee is required when the nature of the amendment is to change the address of a creditor or an attorney for a creditor listed on the schedules or to add the name and address of an attorney for a listed creditor.**

   When submitting an amended Matrix, send Matrix with **ONLY** the amended creditors.

3. **SCHEDULES:**
   **D, E, F**  (Requires $26 fee - *No Fee required for Chapter 13 cases, LBR 1009-1(c)(3))

   **A fee is charged to add creditors, delete creditors, change the amount of a debt, or change the classification of a debt.**

   A, B, C, G, H, I, J, (No fee required)

4. **AMENDING AMOUNTS/TOTALS OF SCHEDULES:**
   **D, E, F**  (Requires $26 fee - *No Fee required for Chapter 13 cases, LBR 1009-1(c)(3))

   A, B, C, G, H, I, J,  (No fee required)

5. **STATEMENT OF FINANCIAL AFFAIRS** (No fee required)

It is the responsibility of the debtor to notify additional creditors by sending a section 341 meeting of creditors notice and/or Discharge Order to the individuals or companies added to the schedules/matrix. A certificate of mailing in regard to this notification filed with the Clerk's office is appropriate.  If the case presently is closed a Motion To Reopen, Notice of Hearing, Proposed Order and Proof of Service, a filing fee, and the amendment fee must accompany the amendment.

Christopher Phillips, President, Seattle Eye Surgeons

Signature of Debtor

Rev 07/01/08

B6B (Official Form 6B) (12/07)

**IN RE Seattle Eye Surgeons, PS**                                                    Case No. **08-16943**
_____                                              _____
            Debtor(s)                                                                          (If known)

## SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1   Cash on hand | X | | | |
| 2   Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives | | **business account with Washington Mutual, Renton Branch** | | 0.00 |
| 3   Security deposits with public utilities, telephone companies, landlords, and others | X | | | |
| 4   Household goods and furnishings, include audio, video, and computer equipment | X | | | |
| 5   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles | X | | | |
| 6   Wearing apparel | X | | | |
| 7   Furs and jewelry | X | | | |
| 8   Firearms and sports, photographic, and other hobby equipment | X | | | |
| 9   Interest in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each | X | | | |
| 10  Annuities. Itemize and name each issue | X | | | |
| 11  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s) 11 U.S.C. § 521(c).) | X | | | |
| 12  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars | X | | | |
| 13  Stock and interests in incorporated and unincorporated businesses. Itemize | X | | | |
| 14  Interests in partnerships or joint ventures. Itemize | X | | | |

_Ch_ (Christopher Phillips, President)

© 1993-2008 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

B6B (Official Form 6B) (12/07) - Cont.

**IN RE** Seattle Eye Surgeons, PS _____   Case No. **08-16943**
Debtor(s)                                                          (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 15  Government and corporate bonds and other negotiable and non-negotiable instruments | X | | | |
| 16  Accounts receivable | | various account receivables | | 160,000.00 |
| 17  Alimony, maintenance, support, and property settlements in which the debtor is or may be entitled  Give particulars | X | | | |
| 18  Other liquidated debts owed to debtor including tax refunds  Give particulars | X | | | |
| 19  Equitable or future interest, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property | X | | | |
| 20  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust | X | | | |
| 21  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims  Give estimated value of each | X | | | |
| 22  Patents, copyrights, and other intellectual property  Give particulars | X | | | |
| 23  Licenses, franchises, and other general intangibles  Give particulars | X | | | |
| 24  Customer lists or other compilations containing personally identifiable information (as defined in 11 U S C § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes | X | | | |
| 25  Automobiles, trucks, trailers, and other vehicles and accessories | X | | | |
| 26  Boats, motors, and accessories | X | | | |
| 27  Aircraft and accessories | X | | | |
| 28  Office equipment, furnishings, and supplies | | eye surgery equipment, microscopes, exam equipment and office furniture | | 300,000.00 |
| 29  Machinery, fixtures, equipment, and supplies used in business | X | | | |
| 30  Inventory | X | | | |
| 31  Animals | X | | | |

© 1993-2008 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

*(Christopher Phillips, President)*

B6B (Official Form 6B) (12/07) - Cont.

IN RE Seattle Eye Surgeons, PS _____   Case No. __08-16943__
_____
             Debtor(s)                                            (If known)

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 32  Crops - growing or harvested  Give particulars | X | | | |
| 33  Farming equipment and implements | X | | | |
| 34  Farm supplies, chemicals, and feed | X | | | |
| 35  Other personal property of any kind not already listed  Itemize | | claim against money held by Richard Lomas vaction & sick leave - $50,000 guarantee work - $17,000 | | 67,000.00 |
| | | claim for refund from Lawrence Glosser | | 3,016.00 |
| | | terminated lease with R2R Investments for vacated office space | | unknown |
| | | Claims for damages against International Optical, Tom Foster, Ann Foster, Valley Eye and Laser Clinic Center, Inc., Paul Joos, M.D., Peter Jones, M.D., Chris Monson, M.D., and Viet Bui, M.D. for for various torts including conversion. | | unknown |
| | | Claims for damages against Dr. Richard Lomas stemming from defamation of Seattle Eye Surgeons owner, Dr. Christopher Phillips, and similar or related torts. | | unknown |
| | | Claims for damages against the City of Renton, the Renton Police Department and its officers for damages stemming from malicious prosecution and the illegal entry of Dr. Christopher Phillips' home and similar or related torts. | | unknown |
| | | Claims for damages against Christopher Phillips' neighbor, Larry Mayes, stemming from libel, slander and similar or related torts directed toward Dr. Christopher Phillips. | | unknown |
| | | Claims against the media for damages stemming from libel, slander and similar or related torts directed toward Dr. Christopher Phillips | | unknown |
| | | | TOTAL | 530,016.00 |

_(Christopher Phillips, President)_

__0__ continuation sheets attached

(Include amounts from any continuation sheets attached
Report total also on Summary of Schedules )

© 1993-2008 EZ-Filing, Inc [1-800-998-2424] - Forms Software Only

Ex. 8

**08-16943-SJS** Seattle Eye Surgeons PS
**Case type:** bk **Chapter:** 7 **Asset:** No **Vol:** v **Judge:** Samuel J. Steiner
**Date filed:** 10/18/2008 **Date of last filing:** 08/24/2010
**Date terminated:** 08/24/2010

# History

| Doc. No. | Dates | Description |
|---|---|---|
| -- | *Filed & Entered:* 10/18/2008 *Terminated:* 08/24/2010 | ◗ Receipt of Filng Fee Automatic docket of credit card payment |
| 1 | *Filed & Entered:* 10/18/2008 *Terminated:* 08/24/2010 | ◗ Chapter 7 Voluntary Petition |
| 2 | *Filed & Entered:* 10/19/2008 *Terminated:* 08/24/2010 | ◗ Meeting of Creditors Chapter 7 Business No Asset AutoAssign |
| -- | *Filed & Entered:* 10/20/2008 *Terminated:* 08/24/2010 | ◗ Set Petition Schedules Due Date |
| 3 | *Filed & Entered:* 10/20/2008 *Terminated:* 08/24/2010 | ◗ Notice of Deadline for Schedules, Statements and Lists |
| 4 | *Filed & Entered:* 10/20/2008 *Terminated:* 08/24/2010 | ◗ 341 Meeting of Creditors Sent to BNC for Mailing |
| 5 | *Filed & Entered:* 10/22/2008 *Terminated:* 08/24/2010 | ◗ BNC Certificate of Mailing - Meeting of Creditors |
| 6 | *Filed & Entered:* 10/22/2008 *Terminated:* 08/24/2010 | ◗ BNC Certificate of Notice |
| 7 | *Filed:* 10/27/2008 *Entered:* 10/28/2008 *Terminated:* 08/24/2010 | ◗ Returned Mail |
| -- | *Filed & Entered:* 10/30/2008 *Terminated:* 08/24/2010 | ◗ Receipt of Filng Fee Automatic docket of credit card payment |
| 8 | *Filed & Entered:* 10/30/2008 *Terminated:* 12/01/2008 | ◗ Motion for Relief from Stay and Abandonment |
| 9 | *Filed & Entered:* 10/30/2008 *Terminated:* 08/24/2010 | ◗ Declaration |
| 10 | *Filed & Entered:* 10/30/2008 *Terminated:* 08/24/2010 | ◗ Hearing Notice |
| 11 | *Filed & Entered:* 10/30/2008 *Terminated:* 08/24/2010 | ◗ Proof of Service |
| 12 | *Filed & Entered:* 11/04/2008 *Terminated:* 08/24/2010 | ◗ Balance of Schedules |
| 13 | *Filed & Entered:* 11/04/2008 *Terminated:* 08/24/2010 | ◗ Request for Special Notice |
| 14 | *Filed & Entered:* 11/07/2008 *Terminated:* 11/07/2008 | ◗ Motion to Seal |

48

| 15 | Filed & Entered: 11/07/2008<br>Terminated:       08/24/2010 | Declaration |
| 16 | Filed & Entered: 11/07/2008<br>Terminated:       08/24/2010 | Received UNSIGNED Order |
| 17 | Filed & Entered: 11/07/2008<br>Terminated:       08/24/2010 | Order Re Motion to Seal |
| 18 | Filed & Entered: 11/12/2008<br>Terminated:       08/24/2010 | Request for Special Notice |
| 19 | Filed & Entered: 11/20/2008<br>Terminated:       08/24/2010 | Chapter 7 Trustees Initial Report |
| -- | Filed & Entered: 12/01/2008<br>Terminated:       08/24/2010 | Notice to Court Unopposed Motion, Order to be Submitted |
| -- | Filed & Entered: 12/01/2008<br>Terminated:       08/24/2010 | Minutes Hearing Held |
| 20 | Filed & Entered: 12/01/2008<br>Terminated:       08/24/2010 | Declaration of No Objection |
| 21 | Filed & Entered: 12/01/2008<br>Terminated:       08/24/2010 | Declaration of No Objection |
| 22 | Filed & Entered: 12/01/2008<br>Terminated:       08/24/2010 | Received UNSIGNED Order |
| 23 | Filed & Entered: 12/01/2008<br>Terminated:       08/24/2010 | Order Re Motion for Relief from Stay and Abandonment |
| 24 | Filed & Entered: 12/05/2008<br>Terminated:       08/24/2010 | Request for Special Notice |
| -- | Filed & Entered: 12/09/2008<br>Terminated:       08/24/2010 | Receipt of Filng Fee Automatic docket of credit card payment |
| 25 | Filed & Entered: 12/09/2008<br>Terminated:       01/12/2009 | Motion for Relief from Stay and Abandonment |
| 26 | Filed & Entered: 12/09/2008<br>Terminated:       08/24/2010 | Affidavit |
| 27 | Filed & Entered: 12/09/2008<br>Terminated:       08/24/2010 | Hearing Notice |
| 28 | Filed & Entered: 12/09/2008<br>Terminated:       08/24/2010 | Proof of Service |
| -- | Filed & Entered: 12/17/2008<br>Terminated:       08/24/2010 | Receipt of Fee |
| 29 | Filed & Entered: 12/17/2008<br>Terminated:       08/24/2010 | Sealed Documents |
| 30 | Filed & Entered: 12/17/2008<br>Terminated:       08/24/2010 | Sealed Documents |
| -- | Filed & Entered: 12/22/2008<br>Terminated:       08/24/2010 | Receipt of Filng Fee Automatic docket of credit card payment |
| 31 | Filed & Entered: 12/22/2008 | Amending Schedules D E or F |

49

| | | |
|---|---|---|
| | *Terminated:*   08/24/2010 | |
| -- | *Filed & Entered:*01/12/2009<br>*Terminated:*   08/24/2010 | ◗ Notice to Court Unopposed Motion, Order to be Submitted |
| -- | *Filed & Entered:*01/12/2009<br>*Terminated:*   08/24/2010 | ◗ Minutes Hearing Held |
| 32 | *Filed & Entered:*01/12/2009<br>*Terminated:*   08/24/2010 | ◗ Declaration of No Objection |
| 33 | *Filed & Entered:*01/12/2009<br>*Terminated:*   08/24/2010 | ◗ Received UNSIGNED Order |
| 34 | *Filed & Entered:*01/12/2009<br>*Terminated:*   08/24/2010 | ◗ Order Re Motion for Relief from Stay and Abandonment |
| 35 | *Filed & Entered:*08/17/2009<br>*Terminated:*   08/24/2010 | ◗ Generic Notice |
| -- | *Filed & Entered:*10/06/2009<br>*Terminated:*   08/24/2010 | ◗ Ch 7 Trustee Report of No Distribution |
| 36 | *Filed:*      11/10/2009<br>*Entered:*   11/16/2009<br>*Terminated:*   08/24/2010 | ◗ Change of Attorney Address |
| 37 | *Filed & Entered:*02/23/2010<br>*Terminated:*   08/24/2010 | ◗ Motion for Relief from Stay |
| 38 | *Filed & Entered:*02/24/2010<br>*Terminated:*   08/24/2010 | ◗ Letter from Court Requesting Fee |
| -- | *Filed & Entered:*02/25/2010<br>*Terminated:*   08/24/2010 | ◗ Notice to Court Motion Withdrawn, Hearing Stricken |
| -- | *Filed & Entered:*02/26/2010<br>*Terminated:*   08/24/2010 | ◗ Receipt of Filng Fee Automatic docket of credit card payment |
| -- | *Filed & Entered:*03/10/2010<br>*Terminated:*   08/24/2010 | ◗ Minutes Hearing Held |
| 39 | *Filed & Entered:*06/01/2010<br>*Terminated:*   08/24/2010 | ◗ Change of Attorney Address |
| 40 | *Filed:*      06/29/2010<br>*Entered:*   06/30/2010<br>*Terminated:*   08/24/2010 | ◗ Schedules |
| -- | *Filed & Entered:*08/24/2010 | ◗ Order Approving Trustees Report of No Distribution and Closing Case |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 02/07/2011 18:50:22 | | | |
| **PACER Login:** | cp3130 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 08-16943-SJS Type: History |